## THE STATE, ALEXANDER SIMPSON, PROSECUTOR, v. ALEXANDER MAYBAUM ET AL.

Under the seventeenth section of the act entitled "An act for the settlement and relief of the poor" (*Gen. Stat.*, p. 2506), it must appear upon the face of the order, made by two justices of the peace, for the removal of a poor person to his or her place of legal settlement, that the application for such order was made by an overseer of the poor. It is defective and insufficient if it recites that the application was made by an acting overseer of the poor. The mayor of a borough has no authority, by virtue of his office as mayor, to make such application.

On *certiorari.*

Argued at June Term, 1895, before Justices VAN SYCKEL, MAGIE and LIPPINCOTT.

For the prosecutor, *Adrian Riker.*

For the defendant, *Timothy E. Scales.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This *certiorari* is brought to remove the order of two justices of the peace of the county of Essex, made

April 1st, 1895, for the removal of one Charles Miminster, an alleged poor person, from the borough of Vailsburgh, in that county, to the township of Millburn, in the same county. This order of removal was made upon the application of Alexander Maybaum, the mayor of the borough, who claimed to be the acting overseer of the poor and authorized to make such application.

The order was evidently intended to be made in accordance with the provisions of the seventeenth section of the act entitled "An act for the settlement and relief of the poor." *Gen. Stat., p.* 2506. This section provides that " if any overseer or overseers of the poor of any city, town corporate or township within this state shall have reason to believe that any person or persons within such township, city or town corporate, who have not obtained a legal settlement therein, is chargeable or likely to become chargeable thereto, such overseer or overseers may apply to any two justices of the peace of the county and inform them thereof, who are then empowered to apprehend and examine such person or persons relating to his, her or their last place of legal settlement, and make an order for the removal of such person or persons to the place of legal settlement."

In this case the return to the writ and the evidence disclose that Maybaum was the mayor of the borough of Vailsburgh at the time of his application to the two justices of the peace for the order of removal, and that by virtue of this office he assumed the right to act as an overseer of the poor of the borough.

There existed no authority whatever in him to act as an overseer of the poor. There is no statute of this state relating to boroughs, to the officials of boroughs, or otherwise, which confers any such right or power upon the mayor of a borough to serve in the capacity of an overseer of the poor. The mayor was possessed of no greater or other authority than was vested in him by the statutes under which the borough was incorporated. The fact that the borough had, up to the time of the application for the order of removal, neither elected

nor appointed an overseer of the poor, cannot alter the case. The absence of such an official conferred upon the mayor no legal authority to make this application.

The proceedings of the two justices in making such an order of removal must be strictly according to the statute, and everything necessary to be done to give jurisdiction must appear upon the face of their order, and the defect cannot be supplied by proof on appeal or on the *certiorari*. It is jurisdictional, and it must appear upon the face of the order of removal that it was made upon the application of the proper overseer of the poor. *Overseers, &c.,* v. *Brunswick,* 3 *Zab.* 169.

This order is defective in this respect. It also appears as a matter of fact that the applicant was not an overseer of the poor, but mayor of the borough, assuming to act as an overseer of the poor. The order recites that the order was made upon his application as acting overseer of the poor.

This order cannot be sustained and is set aside, with costs.